Dear Representative Bruneau:
This office is in receipt of your request for an opinion of the Attorney General in regard to legal sufficiency of the cost statement published by the Dept. of Insurance. You point out that R.S. 43:31 specifies certain content of the cost statement and identifies criteria, including estimated postage, for the computation of costs required to be disclosed, but you state that it appears that the cost statement on the September 2000, "Louisiana Insurance UPDATE" does not meet the requirement set out by R.S. 43:31.
Pertinent to your inquiry is Subsections (B) and (C) of R.S. 43:31
which provide as follows:
 (1) All printed matter, except documentation in connection with proceedings of the executive, legislative, and judicial branches of state government, printed or caused to be printed by any branch, department, agency, official, employee, or other entity of state government, shall contain the following statement, with required information inserted, printed on the publication adjacent to the identification of the agency responsible for publication: "This public document was published at a cost of $___. (number)copies of this public document were published in this (number) printing at a cost of $___. The total cost of all printings of this document, including reprints is $___. This document was published by (name and address of person, firm, or corporation or agency which printed the material) to (statement of purpose) under authority of (citation of law requiring publication or of special exception by division of administration, the legislative budgetary control council, or the judicial budgetary control council as provided in Subsection A). This material was printed in accordance with the standards for printing state agencies established pursuant to R.S. 43:31." If the printing of the material was not done by a state agency, the above statement shall include the following additional language: "Printing of this material was purchased in accordance with the provisions of Title 43 of the Louisiana Revised Statutes." This statement shall be printed in the same type as the body of the document and shall be set in a box composed of a one-point rule.
 (2) The provisions of this Subsection shall not apply to printed matter used by the following entities: the Department of Economic Development for the purpose of attracting new industry to locate within the state of Louisiana; the Department of Culture, Recreation and Tourism, relative to new promotional materials; and public colleges and universities, and vocational-technical schools.
 C. The following three factors shall be utilized in computing cost data:
 (1) Preparation of the public document for publication;
 (2) Printing, including all expenditures for reproduction, whether on bid or in-house.
 (3) Circulation, including all estimated expenditures for postage and distribution of the public document.
The Louisiana Insurance Update in question contains the following statement:
 This public document was published at a total cost of $2,750.00 A total of 20,000 copies of this public document were published in this printing. This document was published for the Louisiana Department of Insurance, P.O. Box 94214, Baton Rouge, LA., 70804-9214. by Moran Printing, Baton Rouge, LA under the authority of special exception by the Division of Administration. This material was printed in accordance with the standard for printing by state agencies established pursuant to R.S. 43:31.
R.S. 43:31(B) provides in part that the document shall contain, in addition to cost of publication and number of copies, a statement by whom the document was printed, "statement of purpose", and under what authority, such as citing of law requiring publication or of special exception of division of administration. In this regard we do not find any statement as to the purpose of the document.
Despite this omission, your concern appears to be that the statement does not disclose an estimate of expenditures for postage and distribution as set forth in the criteria in computing cost.
While this is an element of the criteria for computing the cost, we do not find that the statute specifies that these elements be set forth separately in the required statement, but mandates only that these three factor "be utilized in computing cost data". We find support for this position in the opinion which you attached to your request, Atty. Gen. OP. No. 90-437. In that opinion six violations of R.S. 43:31 were set forth which included the failure to include the costs of preparation of the public document in its computation of the total cost of publication, and the failure to include in its total cost the publication circulationexpense, including estimated expenditure for postage. It was stated therein that "these conclusions are logically necessary because the Bulletin's cost statement alleged that the printing cost was $99.57, and the total cost of publication was $99.57." It was then stated, "Clearly, none of the other statutorily mandated components of total cost were included in this computation."
This office clearly found the criteria components were not included in the cost computation inasmuch as the cost of "printing" was set out as "the total cost". We cannot say that there were similar omissions to the document in question which gives a figure for "total cost" without a designation of the computation.
We note that the number of printings are not stated, but it simply states that 20,000 copies "were published in this printing".
Therefore, we do not find the cost statement is deficient by failing to set forth the criteria separately that must be utilized in reaching the total cost for it followed the language of the statute and stated, "This public document was published at a total cost of $2,750.00." However, there is a failure to name the number of printings, and the purpose of the document such as to disseminate information, both as required by R.S. 43:31.
We hope this sufficiently answers your request.
Sincerely yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr